## T. F. SHANNON v. CHAS. WALKER ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY.

Argued February 7, 1890—Decided February 17, 1890.

To a bona fide purchaser at sheriff's sale of lands subsequently in dispute
in ejectment, § 9, act of 1705, 1 Sm. L. 61, is a complete protection
against every defect or irregularity, except when the defect or irregu-
larity appears upon the face of the judgment upon which the land was
sold : Shannon v. Newton, ante 375.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 130 January Term 1890, Sup. Ct.; court below, No. 20
March Term 1889, C. P.

On December 12, 1888, Thomas F. Shannon, committee of
Mary Dalfonza, a lunatic, brought ejectment against Charles
Walker and Emily V. Cowden, to recover a house and lot on
Lafayette street, Norristown.   Issue.

At the trial on October 22, 1889, the plaintiff put in evidence
title in Antonio Dalfonza, deceased, the husband of Mary Dal-
fonza, the lunatic, the will of said deceased devising the prop-
erty in dispute to Mary Dalfonza, and, to show his title as
committee, an inquisition of lunacy of date May 23, 1888, find-
ing Mary Dalfonza a lunatic.   Showing possession by defendant,
the plaintiff rested.

Defendants then offered the record of a judgment for $250
entered May 13, 1884, in the name of Emily V. Cowden against
Mary Dalfonza, on a bill single dated April 11, 1884, with
warrant of attorney and with waiver of inquisition ; fieri facias
thereon issued to October Term 1887; condemnation on inqui-
sition approved; venditioni exponas to December Term 1887,
sheriff's sale of the property in dispute to the plaintiff for $100
on November 23, 1887, deed made, dated December 12, 1887,
and possession taken thereunder.   Objected to.   Objections
overruled, offers admitted; exceptions.[1] [2]

In rebuttal, the plaintiff offered in evidence the record of

the proceedings in lunacy; also, testimony that the defendant in the judgment was a lunatic at the time the judgment bond was given and entered; also, the order of court committing the lunatic to the state asylum, dated July 1, 1889. Objected to. Objections sustained, offers refused; exceptions.[3] [4] [5]

After other offers made and refused, the case was closed on the testimony, when the court, SWARTZ, P. J., instructed the jury to find a verdict for the defendants.[9]

The jury having returned a verdict for the defendants, as directed, judgment was entered, when the plaintiff took this appeal assigning for error:

1, 2. The admission of defendants' offers.[1] [2]

3, 4, 5. The refusal of plaintiff's offers.[3] [4] [5]

9. The instruction to find for defendants.[9]

*Mr. G. R. Fox, Jr.* (with him *Mr. G. R. Fox*), for the appellant.

Counsel cited: Hope v. Everhart, 70 Pa. 231; Commonwealth v. Green, 4 Wh. 568; Richards v. Rote, 68 Pa. 252; McKee v. McKee, 14 Pa. 237; Ragan's Est., 7 W. 440; Rogers v. Walker, 6 Pa. 371; Warden v. Eichbaum, 14 Pa. 127; Wirebach v. Bank, 97 Pa. 543.

*Mr. William F. Solly* (with him *Mr. Henry Freedley*), for the appellees.

Counsel cited: Section 9, act of 1705, 1 Sm. L. 61; Arnold v. Gorr, 1 R. 226; Warder v. Tainter, 4 W. 270; Feger v. Keefer, 6 W. 297; Duff v. Wynkoop, 74 Pa. 306; Henry v. Brothers, 48 Pa. 71.

PER CURIAM:

This case is ruled by Shannon v. Newton, just decided, ante, 375.

Judgment affirmed.