The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $3,175.75 and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, various instructions to the jury and various rulings of the trial judge.

*R. L. Rawlston,* with him *H. A. Heilman,* for appellant.

*C. E. Harrington,* with him *Boyd S. Henry,* for appellee.

PER CURIAM, November 7, 1913:

This action was to recover on a contract for commissions for the sale of real estate. Neither the making of the contract nor the terms thereof were in dispute, but it was contended by the defendant that a purchaser had not been procured within the time specified by the contract, who in good faith had offered to buy the real estate and who was financially able to do so. The questions raised by this contention were questions of fact for the jury, and we find no error in the manner in which they were submitted.

The judgment is affirmed.

---

## Horner, Appellant, *v.* Scott.

*Mortgages—Priority—Sheriff's sale—Divestiture of lien.*

In a suit to foreclose a mortgage alleged to be a lien upon land sold to defendant at sheriff's sale, it appeared that plaintiff's mortgage had been a first lien on the land on which were two later mortgages, one for $800 and the other for $200, which were held by a building association; that plaintiff had given a release to the building association whereby plaintiff's mortgage was post-

poned to the mortgage for $200; that thereafter the land was sold under foreclosure proceedings at sheriff's sale under the mortgage for $800. *Held,* the lien of the mortgage for $200 was necessarily divested by the sale, and the lien of plaintiff's mortgage, which had become by virtue of the release subsequent thereto, was consequently also divested, and a verdict and judgment for defendant was sustained.

Argued Oct. 9, 1913.   Appeal, No. 53, Oct. T., 1913, by plaintiff, from judgment of C. P. Westmoreland Co., Feb. T., 1911, No. 689, on verdict for defendant in case of Elizabeth Horner v. Andrew J. Scott and Dillie Scott, his wife, with notice to Laura Rager nee Laura Corney.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Sci. fa. sur mortgage.   McCONNELL, J., filed the following opinion sur plaintiff's rule for judgment non obstante veredicto:

At the trial, a verdict was rendered in favor of the defendant.   Both the plaintiff and the defendant had, at the trial, asked for binding instructions on the undisputed facts.   The verdict having been in defendant's favor, the plaintiff moves for judgment, in favor of the plaintiff, non obstante veredicto.

The form of action was sci fa. sur mortgage in the penal sum of $1,800.00 conditioned for the payment of $900.00.   This mortgage is dated 26th November, 1894, recorded 8th January, 1895, in Mortgage Book 67, Page 274.   The sci fa. was issued 4th February, 1911.

There were three mortgages encumbering the same property and the order of their priority of lien was as follows:

(a)  Plaintiff's $900.00 mortgage;

(b)  Derry B. & L. Assn. $800.00 mortgage;

(c)  Derry B. & L. Assn. $200.00 mortgage.

This relative order had been operated on by the following instrument:

"Release of Lien.   Elizabeth Horner to Derry Building and Loan Association.

"Andrew J. Scott et ux. to Elizabeth Horner, mortgage dated 26th November, 1894, on lots 314, 315 in plan of lots laid out D. J. Saxman et al in the Borough of Derry, County of Westmoreland, Pennsylvania, to secure the payment of $900.00 with interest, recorded in Mortgage Book 67, page 274.   For value received I, Elizabeth Horner, mortgagee above named, do hereby release and postpone the lien of the above mortgage in favor of a mortgage given to the Derry Building and Loan Association dated 16th day of March 1897, to secure the payment of $200.00 recorded in mortgage book....page....   The lien of the said Derry Building and Loan mortgage shall have priority over the above stated mortgage.

"Witness my hand and seal this 13th day of March 1897.

"ELIZABETH HORNER,   (Seal)."

Three days after the date of this release, the $200.00 mortgage was given date, and it was placed on record on the 17th of March, 1897, four days after the date of the release.

The paper did not purport to, in any way, alter the lien which would attach to the property through the record of the $200.00 mortgage; it did purport to alter the lien of the $900.00 mortgage, and to postpone it— literally to place it after the lien of the $200.00 mortgage.

Nothing was specifically said about postponing the $900.00 mortgage to the intervening $800.00 mortgage, already held by the Derry Building and Loan Association, but to get the lien of the $900.00 mortgage to the place to which the release assigned it, to wit; after the lien of the $200.00 mortgage, it must necessarily also be placed after the lien of the intervening $800.00 mortgage.

It was the lien of the $900.00 mortgage that was

operated upon by the release. The liens of the other two mortgages were allowed to stand in the order fixed by law, without any hint that the release was to be, in any way, operative on them. Mobility was given by the release to the lien of the $900.00 mortgage, not to the lien of the $800.00 mortgage and the $200.00 mortgage. After these liens had been thus operated on and affected by the release, the Derry Building and Loan Association, on the 11th of April, 1899, recorded a judgment on its $800.00 mortgage, and, on the 5th of May, 1899, sold the mortgaged premises at sheriff's sale, and the association itself became the purchaser.

What was the effect of a sale on that mortgage on the lien of the $200.00 mortgage and on the $900.00 mortgage of this plaintiff? The $200.00 mortgage was, of course, divested by the sale, and after the release had postponed the lien of the $900.00 mortgage to the $200.00 mortgage, its lien would also be divested. If divested, Elizabeth Horner has no right to now have a judgment thereon, as against Laura Bigger, who has taken a title clear of that encumbrance.

"It is very important that all parties at a sheriff's sale, should have a plain single rule to go by": Reading v. Hopson, 90 Pa. 494.

"It is very important that bidders at sheriff's sales should feel well assured as to whether they are offering to buy a clear or encumbered title. As far as possible, the rules upon the subject should be so clear and intelligible as to preclude a mistake if due diligence be used": Coyne v. Souther, 61 Pa. 455.

Elizabeth Horner agreed to postpone the lien of her mortgage to the lien of the $200.00 mortgage. When it took the place to which she assigned it, its lien was necessarily subsequent also to the lien of the $800.00 mortgage under which a sale has been had.

She had power to give her mortgage a different relative position by contract, if she wanted to. When she has done so, the full import of what she has done ought.

Opinion of Court below—Opinion of the Court. [242 Pa.

fairly to be attached to her act. Bidders and purchasers at sheriff's sale ought not to be put to the necessity of balancing nice questions of the existence and order of liens. The rules applicable should be plain and simple. It was her act that gave her mortgage a different place from the one it had formerly occupied, and, as against another who has been guilty of no remissness in the matter, she ought not to be permitted to qualify the record she had made prior to the sheriff's sale. That sale divested her mortgage.

The court denied the motion. Plaintiff appealed.

*Error assigned* was the refusal to enter judgment for the plaintiff n. o. v.

*James L. Kennedy*, for appellant.

*E. E. Allshouse*, for appellee.

Per Curiam, November 7, 1913:

The judgment is affirmed on the opinion of Judge McConnell.

---

## Uhlman v. Sullivan, Appellant.

*Contracts—Construction—Agreement of sale—Option to purchase—Breach.*

An instrument signed and sealed by plaintiff and defendant provided that the plaintiff should sell certain hotel furnishings and stock of liquors to the defendant. The instrument stipulated for the payment of hand money and for further payments at designated times, provided that the stock of liquor should be appraised by persons mutually to be agreed upon, and that plaintiff and defendant would both use their efforts to have the liquor license transferred to defendant, and recited that the parties "do bind themselves, their heirs, executors, and administrators each to the other, his heirs, executors and administrators," but contained no express promise by the defendant to pay the consideration. After