## Metropolitan Life Insurance Company v. Eby

*Rambo, Rambo & Mair*, for plaintiff; *David Friedman*, for defendant.

DAVIS, P. J., November 13, 1933.—Metropolitan Life Insurance Company, assignee of Market Street Title and Trust Company, plaintiff, entered judgment against M. Landis Eby and Erla R. Eby on a bond and warrant of attorney dated September 15, 1925. Judgment was entered on June 1, 1933. A writ of fi. fa. real estate was issued, returnable the first Monday of July 1933, on which date the property covered by the mortgage securing the bond and warrant of attorney was sold to the plaintiff for a bid of $50. M. Landis Eby did not vacate the premises subsequent to the sheriff's sale or subsequent to July 12, 1933, when the sheriff's deed to the plaintiff was acknowledged. A petition was filed for possession under the Act of April 20, 1905, P. L. 239, and a citation for possession of the mortgaged premises was issued and served upon M. Landis Eby, who filed an answer to the petition by the sheriff's vendee, averring that Erla R. Eby was dead when the judgment was entered on the bond.

The plaintiff took a rule for judgment for possession for want of a sufficient answer. The court, after hearing on the sheriff's vendee's rule for judgment for possession for want of a sufficient answer, made the rule absolute. Subsequently, a writ of possession was issued on September 27, 1933. A petition for rule to open the judgment and set aside the sheriff's sale was then filed by Landis H. Eby, minor, by his father and next friend, M. Landis Eby.

The proceedings are regular on their face, no defect appearing in the record. There is no averment of fraud, accident, or mistake, the sole contention of the defendants being that at the time the judgment was entered Erla R. Eby was dead.

Erla R. Eby, the wife of M. Landis Eby, died intestate July 7, 1931, leaving to survive her her husband, the defendant here, and a minor son, Landis H. Eby, on whose behalf the petitions are here filed. The sheriff's deed has been acknowledged and duly recorded as of July 12, 1933. No objections were filed to the acknowledgment of the sheriff's deed.

In Benninghoff et al v. Stephenson et al., 161 Pa. 440, it was held: "After judgment on a scire facias sur mortgage, a sheriff's sale on a levari facias thereunder, and the acknowledgment and delivery of the deed to the purchaser for the mortgaged premises, it is too late to question the validity of the acknowledgment of the mortgage, or the regularity of the proceedings under the scire facias prior to the acknowledgment and delivery of the sheriff's deed". As we have already stated, in the instant case no objections or defenses of any kind, either technical or on the merits, were made in the foreclosure proceedings by M. Landis Eby, the defendant, in his own right, or as next friend of Landis H. Eby, the minor, prior to the acknowledgment of the sheriff's deed.

In Radnor Building and Loan Assn. v. Scott et al., 277 Pa. 56, it was held: "If alleged defects, in a proceeding leading up to a sheriff's sale, do not appear on the face of the record, the proceeding is voidable and not void, and the acknowledgment and delivery of the sheriff's deed, protects the purchaser." See also Shannon v. Newton, 132 Pa. 375, Shannon v. Walker et al., 132 Pa. 383, and McLanahan et al. v. Goodman et al., 265 Pa. 43.

The principle as laid down in the earlier cases of Benninghoff v. Stephenson and Radnor Building and Loan Association v. Scott, supra, has been followed down to the present time. In Colonial Trust Co., Trustee, v. Lincoln Drive Apartments Corp., 299 Pa. 117, it was held: "The rights of all parties at a judicial sale of real estate depend on the record at the time of the sale.

"The purchaser at a judicial sale of real estate is not bound to look beyond the record, and is not affected by, and cannot affect others by, anything beyond it," referring to the case of Hilliard v. Tustin, 172 Pa. 354, where Mr. Justice Fell said: "The importance of a fixed rule by which bidders at a sheriff's sale may be guided and the rights of purchasers determined has been uniformly recognized and upheld in our cases. The purchaser was not bound to look beyond the record, and was not affected by, and could not affect others by, anything beyond it." See also Horner v. Scott, 242 Pa. 432, Coyne et al. v. Souther et al., 61 Pa. 455, and Saunders, to use, v. Gould, 134 Pa. 445.

We are of opinion that in the case at bar the proceedings were regular upon their face, and the purchaser at sheriff's sale, although the mortgage holder prior to the foreclosure, is in the same position as any other purchaser. He buys upon the record and consequently acquires a good title.

The rule to open judgment is discharged. The rule to set aside the sheriff's sale is discharged.