## Honor Building & Loan Assn. of Lansdale v. Weaver et ux.

*Samuel D. Conver,* for petitioner.

DANNEHOWER, J., October 24, 1935.—This is a petition under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, filed by the Honor Building and Loan Association, purchaser of certain real estate at a sheriff's sale on its mortgage foreclosure, praying this court to determine by its decree whether it now owns the said land subject to a mortgage owned by Joseph K. Weaver and Marguerite B. Weaver, his wife.

A rule to show cause why the prayer of the petition should not be granted was allowed and properly served upon Joseph K. Weaver and Marguerite B. Weaver. Neither respondent to the rule caused an appearance to be entered nor did either of them file an answer to the petition. Subsequently, depositions were taken by the petitioner and filed. Argument was heard on the petition and depositions.

After careful consideration of the uncontradicted evidence, there are made therefrom the following

### Findings of fact

1. On September 25, 1928, George D. Dyson and Anna E. Dyson, his wife, granted and conveyed to Joseph A. Snodgrass and Florence M. Snodgrass, his wife, by deed of even date, later recorded in the office of the recorder of deeds of this county in Deed Book no. 1062, page 183, on September 26, 1928, a certain messuage and lot of land, more fully described in the recorded deed, situate in the Borough of Lansdale, this county, the tract being

lot no. 98 on a plan of lots of Lansdale Heights, the said plan being recorded in this county in Deed Book no. 668, page 500.

2. The same day, the grantees, Joseph A. Snodgrass and Florence M. Snodgrass, his wife, executed and delivered two mortgages upon the said premises.

3. One mortgage was executed and delivered by them to the Honor Building and Loan Association of the Borough of Lansdale, herein petitioner, dated September 25, 1928, to secure the payment of the sum of $5,000. This mortgage was recorded on September 26, 1928, in this county in Morgage Book no. 1236, page 137.

4. The other mortgage was executed and delivered by them to George D. Dyson and Anna E. Dyson, his wife, vendors of the land, dated September 25, 1928, to secure the payment of the sum of $1,900. This mortgage was recorded in this county on September 26, 1928, in Mortgage Book no. 1236, page 140.

5. In this latter mortgage, the parties thereto expressly certified and declared that the mortgage was not a purchase-money mortgage and that it was subject both in lien and in payment to the mortgage given the same day by Joseph A. Snodgrass and his wife to the Honor Building and Loan Association to secure the sum of $5,000.

6. Also, on the same day, September 25, 1928, Joseph K. Weaver, who acted as the real estate broker in the sale of the said real estate, executed and delivered a written guaranty of the second mortgage to George D. Dyson and Anna E. Dyson. This instrument provided that if the purchasers, Joseph A. Snodgrass and wife, failed to pay the Dyson mortgage of $1,900 with interest, within 18 months from the date of the agreement, Weaver would do so.

7. At the expiration of the said 18 months, Joseph A. Snodgrass and wife had failed to pay off the mortgage owned by George D. Dyson and wife.

8. Thereupon, George D. Dyson and his wife called upon Joseph K. Weaver to make good his guaranty of

repayment of the said mortgage. When Weaver did not do so, the Dysons entered suit upon the guaranty agreement, obtained judgment and issued execution.

9. On July 30, 1931, George D. Dyson and Anna E. Dyson, his wife, entered into a written agreement with Joseph K. Weaver. In accordance therewith Weaver paid to the Dysons the sum of $750 and agreed to make further periodical payments. The contract further provided:

"That upon payment in full of debt, interest and costs . . . and of the interest as the same accrues on unpaid balances, the said George D. Dyson and Anna E. Dyson will assign to the said Joseph K. Weaver the bond and mortgage dated September 25, 1928, and recorded in Mortgage Book no. 1236, page 140."

10. On October 10, 1931, prior to the consummation of a refinancing of the said property between the Honor Building and Loan Association and the owners, Joseph A. Snodgrass and wife, of which Joseph K. Weaver had a general knowledge, the Honor Building and Loan Association entered into an agreement with George D. Dyson and Anna E. Dyson, his wife, that in consideration of the sum of $1 "the mortgage recorded in favor of George D. Dyson and Anna E. Dyson, his wife, shall be second in lien to the mortgage executed and delivered by Joseph A. Snodgrass and Florence M. Snodgrass, his wife, to the Honor Building and Loan Association", to secure the sum of $4,500, which was intended to be subsequently executed and recorded.

11. This agreement was duly acknowledged by George D. and Anna E. Dyson, and was recorded in this county in Mortgage Book no. 1367, page 98, on October 29, 1931.

12. On the margin of the mortgage record in Mortgage Book no. 1236, page 140, of the mortgage executed and delivered by Joseph A. Snodgrass and wife to George D. Dyson and Anna E. Dyson, his wife, there was made the following notation:

"See Agreement, October 10, 1931, M. B. 1367, P. 98".

13. On October 23, 1931, Joseph A. Snodgrass and

Florence M. Snodgrass, his wife, executed and delivered a mortgage of even date to the Honor Building and Loan Association to secure the sum of $4,500.

14. This mortgage, refinancing the said property, was recorded in this county on October 29, 1931, in Mortgage Book no. 1367, page 56.

15. On November 2, 1931, the Honor Building and Loan Association satisfied of record in the recorder of deeds' office the mortgage given to it by Joseph A. Snodgrass and Florence M. Snodgrass, his wife, in the sum of $5,000, dated September 25, 1928, and recorded in this county in Mortgage Book no. 1236, page 137.

16. On or about August 2, 1932, Joseph K. Weaver made his final payment under his guaranty contract to George D. Dyson and wife. On August 8, 1932, the Dysons through their attorney delivered to Joseph K. Weaver a written assignment of the mortgage given to them by Joseph A. Snodgrass and Florence M. Snodgrass, recorded in this county in Mortgage Book no. 1236, page 140. The assignment of the mortgage was dated August 20, 1930.

17. From August 20, 1930, the date the attorney for the Dysons first tendered the assignment to Joseph K. Weaver, until August 8, 1932, when upon final payment of the guaranty the assignment was delivered to Joseph K. Weaver, the assignment was in the actual possession of the attorney for George D. Dyson and his wife.

18. On September 7, 1932, the assignment of the said mortgage executed and delivered by the Dysons to Joseph K. Weaver was recorded in this county in Mortgage Book no. 1384, page 334.

19. On December 10, 1932, Joseph A. Snodgrass and Florence M. Snodgrass, his wife, having defaulted under the refinanced mortgage, the Honor Building and Loan Association instituted foreclosure proceedings on its $4,500 mortgage, as of no. 249, November term, 1932, in the court of common pleas of this county.

20. On March 22, 1933, the said real estate was sold by the sheriff to the Honor Building and Loan Association. On April 17, 1933, the deed poll was recorded in Deed Book no. 1163, page 192.

21. Subsequently, a controversy arose between the parties hereto whether the mortgage assigned to Joseph K. Weaver had been discharged by the said sheriff's sale.

The question of law involved is treated in the form of the following

### Discussion

The question presented for decision is: What was the effect of the sheriff's sale held on the petitioner's mortgage of $4,500 on the lien of the $1,900 assigned mortgage of the respondents?

On September 25, 1928, there were two mortgages encumbering the same property and the order of their priority of lien was as follows: (a) Petitioner's mortgage of $5,000, and (b) the Dyson mortgage of $1,900. This order still remained after July 30, 1931, when, in accordance with a written contract of guaranty, Weaver paid to the Dysons the sum of $750 and the Dysons agreed that upon payment of the full amount of the mortgage, interest, and costs they "will assign" their mortgage to Weaver. The promise of the Dysons to assign in the future was not a present assignment of the mortgage. The most that Weaver gained at this time by his payment of $750 was an equitable subrogation to that extent to the admittedly second mortgage of the Dysons. This Weaver knew.

The relative order of the liens was then changed by what followed. On October 10, 1931, the petitioner and the Dysons entered into a written agreement founded upon a proper consideration, whereby the Dysons agreed with the petitioner that their mortgage of $1,900 should be second in lien to a mortgage executed and delivered by Joseph A. Snodgrass and Florence M. Snodgrass, the owners of the said land, to the petitioners to secure the sum of $4,500, the said mortgage being a refinancing of the

$5,000 mortgage between the same parties. The Dysons, being the owners of the $1,900 mortgage, had power to give their mortgage a different relative position by contract if they wanted to do so. The effect of the agreement was to postpone the lien of the Dyson $1,900 mortgage to the $4,500 mortgage executed by the owners to the petitioner.

It follows from the foregoing that after the $4,500 mortgage of the petitioner was recorded, and on October 30, 1931, the priority of liens on the said premises was as follows: (*a*) Petitioner's mortgage of $5,000; (*b*) petitioner's mortgage of $4,500, and (*c*) the Dyson mortgage of $1,900. Thereafter, on November 2, 1931, the petitioner satisfied of record its $5,000 mortgage, leaving the Dyson mortgage postponed by contract to its $4,500 mortgage.

On August 2, 1932, Weaver made his final payment under his guaranty contract to the Dysons. On August 8, 1932, the attorney for the Dysons delivered to Weaver a written assignment, dated August 20, 1930, of the $1,900 mortgage, which was subsequently recorded by Weaver on September 7, 1932. After this, as heretofore stated, the owners fell into default and the petitioner foreclosed on its $4,500 mortgage and purchased the property at the sheriff's sale.

It is well established that, had the Dysons continued to own the $1,900 mortgage, the lien of that mortgage, having been postponed by them by contract to the mortgage of $4,500 of the petitioner, would have been discharged by the sheriff's sale on a judgment obtained on the latter mortgage: Horner v. Scott, 242 Pa. 432. Weaver, however, stands in the position of an assignee of the Dyson mortgage. In this connection, it is settled that an assignee of a mortgage takes it discharged of the equities of persons not parties to it, of which he has no notice: Sweetzer v. Atterbury, 100 Pa. 18, 22, and cases there cited; Moore v. Oyer, 21 Northamp. 345.

It does not appear as a fact in this proceeding that

Weaver did have actual notice of the agreement postponing the lien of the $1,900 mortgage which the Dysons assigned to him on August 8, 1932. It remains to determine whether he had constructive notice of that agreement sufficient to bind him.

It must be noted that the agreement made between the Dysons and the petitioner on October 10, 1931, postponing the lien of the Dyson mortgage, was recorded in the office of the recorder of deeds of this county on October 29, 1931. This, of course, was prior to August 8, 1932, the date the Dysons assigned their mortgage to Weaver. A memorandum of the said agreement was noted by the recorder of deeds upon the margin of the record of the mortgage to be postponed, giving the book and page wherein such postponement agreement was recorded, together with the date of such recording.

This constitutes a substantial compliance with the Act of April 27, 1927, P. L. 409, as amended by the Act of April 30, 1929, P. L. 870, 21 PS §654, providing for the recording of agreements postponing the lien of mortgages. As provided therein, when the memorandum required is made by the recorder of deeds, such recording shall be notice to all persons of the facts contained in the agreement. It follows, therefore, that Weaver, as an assignee of the mortgage of the Dysons, at a time after the recording of the said agreement, must be held to have had constructive notice of the postponement agreement and so took his assignment of the mortgage subject to such agreement.

Since the lien of the assigned mortgage would have been discharged if owned by the assignor at the time of the sheriff's sale, it follows that, with respect to an assignee in precisely the same position legally as the assignor, the lien of the $1,900 mortgage was discharged by the sheriff's sale on the petitioner's $4,500 mortgage. As a result the petitioner now owns the land free from any encumbrance of the $1,900 mortgage assigned by the Dysons to Weaver.

In the light of previous discussion, there are made the following

## Conclusions of law

1. The lien of the mortgage given by Joseph A. Snodgrass and Florence M. Snodgrass, his wife, to George D. Dyson and Anna E. Dyson, his wife, dated September 25, 1928, and recorded in this county in Mortgage Book no. 1236, page 140, assigned by George D. Dyson and Anna E. Dyson on August 8, 1932, to Joseph K. Weaver and Marguerite B. Weaver, his wife, was discharged by the sheriff's sale held on March 22, 1933, on a judgment entered on a mortgage given by Joseph A. Snodgrass and Florence M. Snodgrass, his wife, to the Honor Building and Loan Association of Lansdale, Pa., dated October 23, 1931, and recorded in this county in Mortgage Book no. 1367, page 56, on October 29, 1931.

2. Respondents shall pay the costs.

And now, October 24, 1935, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

The prothonotary will enter the following

## Declaratory judgment

1. The lien of the mortgage given by Joseph A. Snodgrass and Florence M. Snodgrass, his wife, to George D. Dyson and Anna E. Dyson, his wife, dated September 25, 1928, and recorded in this county in Mortgage Book no. 1236, page 140, assigned by George D. Dyson and Anna E. Dyson, his wife, on August 8, 1932, to Joseph K. Weaver and Marguerite B. Weaver, was discharged by the sheriff's sale held on March 22, 1933, on a judgment entered on a mortgage given by Joseph A. Snodgrass and Florence M. Snodgrass, his wife, to the Honor Building and Loan Association of Lansdale, Pa., dated October 23, 1931, and recorded in this county in Mortgage Book no. 1367, page 56, on October 29, 1931.

2. Respondents shall pay the costs.

3. Notice of the findings of fact, conclusions of law and declaratory judgment shall be given forthwith by the prothonotary to the parties or their attorneys of record and if no exceptions thereto are filed in the prothonotary's office within 30 days after service of said notice, this declaratory judgment shall be entered by the prothonotary as the final judgment without further order of court. From Aaron S. Swartz, Jr., Norristown.