MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff, *v.* 960 FIFTH AVENUE CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, October 29, 1947.

*Louis W. Dawson* for plaintiff.

*Alexander Salottolo* for Clerk of County of New York.

BENVENGA, J. This is an application for an order directing the Clerk of the County of New York to satisfy a judgment of record by accepting a satisfaction piece for filing.

The satisfaction piece, describing the judgment, is dated April 28, 1945; it was acknowledged by the attorneys of record for the judgment creditors on October 15, 1947, and presented to the county clerk for filing. The county clerk refused to accept it on the ground that it was not executed and acknowledged by the attorneys of record within two years from the date of the entry of judgment.

Section 530 of the Civil Practice Act, so far as pertinent, requires that the docket of a judgment for a sum of money be cancelled and discharged upon filing with the county clerk a satisfaction piece describing the judgment and "executed by the party in whose favor the judgment was rendered * * * or, if it is made within two years after the entry of judgment * * * by the attorney of record". The section then provides that the execution of the satisfaction piece "must be acknowledged or proved and certified in like manner as a deed to be recorded in the county where it is filed."

Clearly, the statute provides not only for the execution of a satisfaction piece, but also for its acknowledgment. Execution and acknowledgment are separate and distinct acts. Acknowledgment is no part of the satisfaction piece; it is only evidence of it (*Blaesi* v. *Blaesi,* 48 Hun 615, opinion in 14 N. Y. Civ. Pro. Rep. 216, 223; *Benninghoff* v. *Stephenson,* 161 Pa. 440, 443; *Little* v. *Bergdahl Oil Co.,* 60 Idaho 662, 670).

Since the satisfaction piece was made and executed by the attorneys of record within two years after the entry of judgment, the county clerk should accept and file it, even though it may have been acknowledged after the two-year period.

The motion is granted.