## Bradley v. Price

*James H. Gorbey, Francis J. Catania* and *John J. O'Brien, Jr.,* for petitioners.

*Edward H. Bryant, Jr., C. Norwood Whery* and *Albert E. Holl, Jr.,* for defendants.

TOAL, J., October 15, 1958.—On May 9, 1958, Bernard J. Bradley and Marie Bradley, his wife, filed a petition to set aside a sheriff's sale under no. 1848, March term, 1958. On May 23, 1958, Alfred M. Hoffman and Ethel S. Hoffman, his wife, the purchasers of the real property at the said sheriff's sale, filed a motion to transfer the proceedings to no. 222, March term, 1957, which is the term and number of the action in foreclosure. The matter will be considered as if the petition to set aside the sheriff's sale had been filed in no. 222, March term, 1957, and not in no. 1848, March term, 1958.

The facts which are admitted by all the parties are as follows:

On August 30, 1955, Anthony Bellocchio became the mortgagor of Lots Q and R, Section 15, Ellis Road, Haverford Township, in the sum of $36,000 in favor of the then Second Media Loan and Saving Association, now known as the Media Federal Savings and Loan Association. The mortgage was duly and promptly recorded in Delaware County in mortgage book 2182, at page 220.

On March 13, 1957, the mortgagee filed a complaint in mortgage foreclosure against the mortgagor, Anthony Bellocchio, and named as real owners, Charles E. Bradley and Florence Bradley, his wife, who had purchased the property at a sheriff's sale on a lien junior to the mortgage. The United States of America was also named as a defendant to clear an income tax lien which had been entered subsequent to the mortgage. The Bradleys named in the complaint are in no way connected with or related to Bernard J. Bradley and Marie Bradley who are the present petitioners seeking to set aside the sheriff's sale.

On April 5, 1957, Anthony Bellocchio, the mortgagor, filed an answer denying plaintiff's right to foreclose the mortgage.

On July 22, 1957, which date was subsequent to the filing of the complaint and service on all the named defendants the present petitioners, Bernard J. Bradley and Marie Bradley, entered into an agreement of sale with Anthony Bellocchio, the defendant mortgagor, being the proposed grantor.

On December 4, 1957, counsel for petitioners called upon counsel for the mortgagee in the latter's office and had a conversation respecting the property in the course of which petitioners allege that counsel for the mortgagee promised to notify counsel for petitioners

before a sale of the property was had. The occurrence of a conversation is admitted, the making of any promise is not admitted.

On January 17, 1958, judgments in favor of the mortgagee and against Anthony Bellocchio, mortgagor, Charles Bradley and Florence Bradley, real owners, and the United States of America were entered by the court.

On March 13, 1958, a writ of lev. fa. was issued on the judgments and on March 25, 1958, notice of the time and place of the sheriff's sale on the said writ was given to Anthony Bellocchio, mortgagor, Charles E. Bradley and Florence Bradley, his wife, real owners, and the United States of America in compliance with rule no. 703 of this court and an affidavit of service of such notice filed of record.

The sheriff's sale was held on Friday, May 2, 1958. At the said sale the property was bid in at $19,501 by Alfred M. Hoffman and Ethel S. Hoffman, his wife, whereupon Mr. and Mrs. Hoffman paid the entire amount of their successful bid to the sheriff.

Petitioners Bernard J. Bradley and Marie Bradley seek to set aside the sheriff's sale on two grounds:

1. That they, Bernard J. Bradley and Marie Bradley, did not receive written notice by personal service or by registered mail stating the place, date and hour of the intended sale and the real estate to be sold at least 10 days before said sale was scheduled to take place and that they were entitled, as real owners of the real estate to be sold, under the provisions of local rule of court no. 703, to receive such a notice; and that no certificate was filed in the office of the prothonotary that the notice required by said rule 703 was given to them by plaintiff or by some person on plaintiff's behalf.

2. That plaintiff had notice of the interest which Bernard J. Bradley and Marie Bradley had in the real estate to be sold, in that counsel for said Bradleys informed counsel for plaintiff of the equitable title which said Bradleys held through the agreement of sale with Anthony Bellocchio and thereupon received a verbal promise from plaintiff's counsel that notice would be given to said Bradleys of the place, date and hour of the proposed sale by the sheriff of the real estate in question.

This is a petition to set aside a sheriff's sale through which Alfred M. Hoffman and Ethel S. Hoffman, his wife, purchased for value the real estate sold by the sheriff. The rights of the Hoffmans became fixed when the sheriff knocked the property down to them at a public sale. There is nothing in the record to indicate that the Hoffmans had any knowledge or notice that the Bradleys had any interest of any kind in the premises which they bid on and purchased. We quote from the case of Colonial Trust Co. v. Lincoln Drive Apartments Corp., 299 Pa. 117, 123, as follows:

". . . it is fundamental in this State that the rights of all parties at a sheriff's sale of real estate depend on the record at the time of the sale: Pa. Co. for Ins. on L. & G. A. v. Halpern, 273 Pa. 451, 455; Reisinger v. Garrett S. C. Co., supra [262 Pa. 530]. Speaking for the court, in Hilliard v. Tustin, 172 Pa. 354, Mr. Justice Fell says: 'The importance of a fixed rule by which bidders at a sheriff's sale may be guided and the rights of purchasers determined has been uniformly recognized and upheld in our cases. The purchaser was not bound to look beyond the record, and was not affected by, and could not affect others by, anything beyond it.' And see Horner v. Scott, 242 Pa. 432; Coyne et al. v. Souther, 61 Pa. 455. The rule is held so firmly that an unsatisfied judgment, although paid,

operates to discharge the lien of what would otherwise be a first mortgage. In Saunders v. Gould, 134 Pa. 445, Mr. Justice Clark, speaking for the court, said: 'A purchaser is not bound to look beyond the record. The payment of a prior lien, not satisfied of record, will not protect a subsequent mortgage from being discharged by the sale: Magaw v. Garrett, 25 Pa. 319; Goepp v. Gartiser, 35 Pa. 133. He [the purchaser] had a right, in the absence of notice, to assume that the liens were as they appeared upon the record, and the judgment docket was the criterion.' "

What was the state of the record at the time of the sheriff's sale?

1. Mortgage dated August 30, 1955, Anthony Bellocchio, mortgagor, to Second Media Loan and Saving Association, mortgagee in principal amount of $36,000, recorded in office of the Recorder of Deeds, in and for Delaware County, in mortgage book 2182, page 220, etc., on September 1, 1955.

2. September 2, 1955, judgment Penn Mortgage Service Company versus Anthony Bellocchio as of C. P., no. 2161, June term, 1955, in amount of $1,500.

3. July 16, 1956, Frank A. Snear, Jr., Sheriff of Delaware County, sold premises by virtue of a writ of fi. fa., no. 2161, June term, 1955, and conveyed premises by sheriff's deed poll dated July 16, 1956, and recorded on July 27, 1956, in deed book no. 1420, page 520, etc., to Charles E. Bradley and Florence Bradley, his wife, in fee.

4. December 31, 1955, Federal tax lien filed by United States of America v. Anthony Bellocchio and Nick Zinni, partners, in sum of $541.96 in office of prothonotary of Delaware County as tax lien no. 3943, docket 2, page 65.

Petitioners maintain that because they had an outstanding agreement of sale with Anthony Bellocchio

to purchase the property in question and gave notice of this to the mortgagee, that at the time of the sheriff's sale they were in fact and law real owners of the property in question. It is to be noted that on the date of the agreement of sale, viz. July 9, 1957, there was nothing on the record to indicate that Anthony Bellocchio had any interest in the property. His title had already been foreclosed by the sheriff's sale and conveyance on July 16, 1956, when the Charles E. Bradleys took title. The record showed the following:

1. Anthony Bellocchio, mortgagor—not in title.

2. Charles E. Bradley and Florence Bradley, his wife—record title owners.

3. United States of America—holder of a Federal tax lien.

The above record definitely fixes the rights of the parties at the date of the sheriff's sale. The mortgagor could not change this record by further attempting to encumbrance the property by entering into an unrecorded agreement of sale even though he held a paper title by an unrecorded deed from the then record title owners.

Justice Sharswood has declared this to be the law in the case of Youngman v. Elmira and Williamsport Railroad Co., 65 Pa. 278, 287, in the following clear and unequivocal language:

"It is perfectly well settled, that encumbrancers who become such *pendente lite*, are not necessary parties to a bill to foreclose, although they are bound by the decree, for they can claim nothing except what belonged to the person under whom they assert title, since they have constructive notice; and there would be no end of such suits, if a mortgagor might by new encumbrances, created *pendente lite*, require all such encumbrancers to be made parties: Story's Eq. Plead-

ings, §194; 1 Washburne on Real Property 593; Bishop of Winchester v. Paine, 11 Vesey 194, 197; Garth v. Ward, 2 Atk. 174; Adams v. Paynter, 1 Coll. 532."

Undoubtedly the local rule 703 of this court makes it mandatory that written notice of the place, date and hour of the impending sheriff's sale be given to the real owners of the property to be sold. Was this done in the present case? We note that the foreclosure proceedings were instituted against Anthony Bellocchio, mortgagor and Charles E. Bradley and Florence Bradley, his wife, real owners, and the United States of America.

The pleadings aver that Anthony Bellocchio made, executed and delivered the mortgage, upon the premises described in the complaint, to plaintiff, Second Media Loan and Saving Association; that said premises were subsequently conveyed by the sheriff by a sheriff's sale to Charles E. Bradley et ux. and the deed poll property recorded; that subsequent to that conveyance, plaintiff received information that the premises were by deed conveyed back to the mortgagor, Anthony Bellocchio and that the said deed was not recorded; that the United States of America is made a defendant because it was a tax lien holder and the Federal law provided that such a joinder as a party defendant was required. The complaint was filed on March 13, 1957. On January 17, 1958, judgment was entered in open court in favor of plaintiff and against Anthony Bellocchio, and Charles E. Bradley and Florence Bradley, his wife. Plaintiff was given leave to proceed to foreclose against the premises described in the complaint.

Petitioners to set aside the sheriff's sale do not question the validity of the judgment mentioned above. They say that the proceedings by writ of levari facias are defective and the sheriff's sale should be declared

void because they, petitioners, claimed an equitable title to the said premises under an unrecorded agreement of sale between themselves and defendant Anthony Bellocchio. Further, that plaintiff had notice of this outstanding agreement of sale dated July 9, 1957, and should have notified petitioners of the time and place of the sale.

We are not of the opinion that local rule 703 was meant to protect such an interest as petitioners claim under the guise of *real owners*. The case of Orient B. & L. Association v. Gould, 239 Pa. 335, 336, 337, explains the meaning of the words *real owner* in the following language, referring to the Act of July 9, 1901, P. L. 614, as amended by the Act of April 23, 1903, P. L. 261:

". . . it is provided, that the plaintiff in any writ of sci. fa. sur mortgage shall file with his praecipe an affidavit setting forth to the best of his knowledge, information and belief, who are real owners of the land charged, and that all such persons shall be made parties to the writ, and served according to its provisions."

Further, on page 337:

". . . a careful examination of the act makes it quite manifest that by 'real owner' was meant the real or present owner of the title by and under which the mortgagor claimed the land at the time he assumed to mortgage it. The one purpose of the provision was to serve with notice of the proceeding all holding in privity with the mortgagor, whether their titles were recorded or otherwise. Such only could be interested in the issue raised. It would be matter of concern to them that no more should be recovered in the proceeding than was justly due and owing on the obligation, since it was their land that would be subjected to the lien of the debt."

We see, therefore, that "real owner" means *the present owner of the title* which the mortgagor owned when he mortgaged the premises to the mortgagee by executing and delivering to said mortgagee the mortgage which is the mortgage under which the present foreclosure proceedings were instituted.

Petitioners urge the theory that because they were the purchasers of the property in question on July 9, 1957, from Anthony Bellocchio and, therefore, held an equitable title to said property, that they were "real owners" in the same sense that a record title owner was, and had the same rights to notice of the sheriff's sale.

We cannot agree with this theory for three reasons: (1) In sheriff's sale proceedings the rights of all parties depend on the record at the time of the sale; (2) it is the law that encumbrancers who become such pendente lite are not necessary parties to a bill to foreclose, and (3) the Act of 1901, as amended, in which the designation "real owner" is first used, has been interpreted to mean the present owner of the title by which the mortgagor claimed the land at the time he assumed to mortgage it.

Petitioners, therefore, cannot defeat the rights of the purchasers at the sheriff's sale, and their petition to set aside the sale must be dismissed. If a promise was made by plaintiff, through counsel, to give notice to petitioners of the time and place of the sheriff's sale, that was no concern of the purchasers who were bound only to look to the condition of the record at the time of the sale.

Petitioners were required to know that they were only purchasing the equity of redemption in the property of Anthony Bellocchio at a time when he was in default on his mortgage payments. Bellocchio appar-

ently never was able to convey a good and marketable title and such as will be insured at regular rates by any responsible title insurance company to the petitioners. Accordingly, they are entitled to be repaid all their money paid on account and also to be reimbursed for the cash outlay which they may have been put to for title insurance and drawing papers. This appears as a clear provision in the agreement of sale, and the action to recover reimbursement must be against Anthony Bellocchio for his failure to perform.

We are not required to decide whether petitioners have or have not a right of action against plaintiff in the foreclosure proceedings although we have serious doubts that such a right exists.

Accordingly the following is made:

### Final Order

And now, October 15, 1958, a petition having been filed by Bernard J. Bradley and Marie Bradley, his wife, to set aside the sheriff's sale which is the subject of this case and the matter having been given due consideration after a hearing and argument, it is hereby ordered, directed and adjudged as follows:

1. That the said petition to set aside the sheriff's sale be and it is hereby dismissed; and

2. That the said sheriff's sale be and the same is hereby declared valid and is not set aside; and

3. That the Sheriff of Delaware County be and he is hereby authorized to convey the premises in question by deed poll to the purchasers or their nominee.

4. An exception is hereby granted to petitioners to the action taken herein.