Robert J. Rossi, Esq. Assistant County Attorney County of Onondaga
You ask whether it is necessary for an attorney who executes a satisfaction piece also to acknowledge it.
Section 5020 of the Civil Practive Law and Rules, on which your question is based, is a revision of section 530 of the Civil Practice Act. Section 530 did require such acknowledgment. Mutual Life Insurance Company of NewYork v 960 Fifth Avenue Corporation, et al., 191 Misc. 71 (Sup Ct, N Y County, 1947). The case did make it clear, however, that "[e]xecution and acknowledgment are separate and distinct acts. Acknowledgment is no part of the satisfaction piece; it is only evidence of it." (ibid, 72).
Section 5020 (a) requires a person entitled to enforce a judgment to execute and acknowledge a satisfaction piece. Subdivision (b) authorizes an attorney of record to execute a satisfaction piece but is silent as to acknowledgment.
The Attorney General's opinion cited in your letter (1974 Op Atty Gen, p 222 [informal]) partially explains this difference. It "* * * conclude[s] that corporate acknowledgment of a professional service corporation practicing law is not required on a document satisfying a judgment when the attorney of record or the attorney named on a judgment docket is a professional service corporation." The opinion reasons that the attorney must prepare the document and is responsible for its authenticity. This preparation is by its very nature, an acknowledgment. This reasoning is equally applicable to an attorney who is not a professional service corporation.
We conclude that a satisfaction piece prepared and executed by an attorney in accordance with section 5020 (b) does not have to be acknowledged.