# Orient B. & L. Association *v.* Gould, et al., Appellants.

*Mortgages—Scire facias sur mortgage—Real owners—Defenses —Acts of July 9, 1901, P. L. 614, and April 23, 1903, P. L. 261.*

1. Under the Acts of Assembly of July 9, 1901, P. L. 614, and April 23, 1903, P. L. 261, the "real owners," who must be joined in actions of scire facias sur mortgage, are the present owners of the title by and under which the mortgagor claimed the land at the time he executed the mortgages. Persons claiming the land by titles antagonistic to the mortgagor were not meant to be joined as such real owners.

2. Where in an action of scire facias sur mortgage persons claiming title superior to the mortgagor have been joined as real owners, they may object to having the jury sworn as to them or claim a misjoinder or have the proceedings arrested, but they cannot offer evidence to prove that their title is superior to that of the mortgagor. The title to the mortgaged land cannot be tried in an action of scire facias sur mortgage.

Argued Jan. 10, 1913. Appeal, No. 349, Jan. T., 1912, by Harry L. Randal and Brinah Rheinstrom, defendants, from judgment of C. P. No. 5, Philadelphia Co., June T., 1909, No. 3457, on verdict in favor of plaintiff in case of Orient Building and Loan Association v. Isador M. Gould, Mortgagor, Harry L. Randal, Isador M. Gould and Brinah Rheinstrom, Real Owners. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Proceeding on scire facias sur mortgage against mortgagor and appellants, as real owners. Before MARTIN, P. J.

The facts are stated in the opinion of the Supreme Court.

The jury rendered a verdict in favor of the plaintiff for $1,629.00 against the mortgagor and appellants, as real owners, upon which judgment was subsequently entered, from which judgment the appeal was taken.

*Error assigned.*·was the action of the court in direct-ing a verdict in favor of the plaintiff against appellants, and in refusing appellants' offer of testimony to prove that their title was superior to that of the mortgagor.

*Stanley Folz,* with him *Leon H. Folz,* for appellants.

*Harvey Gourley,* with him *Alex. Simpson, Jr.,* for appellee.

OPINION BY MR. JUSTICE STEWART, February 24, 1913:

This case repeats, without material variation, the con-ditions presented in Excelsior Saving Fund v. Cochran, 220 Pa. 634, and that case governs this. In the case re-ferred to, following the earlier case of Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453, we held that the Act of July 9, 1901, P. L. 614, as its title indicates, is an act regulating the service of process merely, and that it in no way changes the jurisdiction of the courts. In the tenth section of the act, amended by Act of April 23, 1903, P. L. 261, it is provided, that the plaintiff in any writ of sci. fa. sur mortgage shall file with his præcipe an affidavit setting forth to the best of his knowledge, information and belief, who are real owners of the land charged, and that all such persons shall be made parties to the writ, and served according to its provisions. In the Excelsior Saving Fund case, supra, just as here, a party who as matter of fact was the real owner of the property, but who stood in no privity of title with the mortgagor, was made a party defendant. She appeared and pleaded to the issue. On the trial it was proposed to show on her behalf as matter of defense, that her title was superior to that of the mortgagor. The several offers of evidence to this end were rejected, the court holding that the proceeding was simply for the collection of a debt; that a judgment, if recovered, could not be made a lien on any land not owned by the mortgagor, and that therefore the defend-

ant, there the real owner, had no standing to assert her title in the trial of the issue joined. Exception was taken to this ruling, and on the appeal it was urged that the requirements of the Act of 1901, including as a party defendant the real owner, would be without purpose except as it was contemplated that such party upon the trial could have opportunity to assert his superiority of title over that of the mortgagor in defeat of the action as against him. In affirming the action of the court below we used this language: "All that we here decide is that the Act of July 9, 1901, as amended, does not so widen the scope of the statutory proceeding by scire facias for the enforcement of a mortgage debt that it may now be applied to determine questions of title to real estate." This followed an expression in the opinion to the effect that the real purpose in bringing in the real owner as a party defendant was not readily apparent. What then seemed somewhat obscure, only however because the case did not call for other examination of the act than to satisfy ourselves that its purpose was not to accomplish changes in procedure, a closer study of the act since makes plain. Whatever doubt there was as to the true meaning of the act in the particular mentioned arose from the use of the term "real owner." In the unqualified way in which it was used, it was well calculated to mislead; but a careful examination of the act makes it quite manifest that by "real owner" was meant the real or present owner of the title by and under which the mortgagor claimed the land at the time he assumed to mortgage it. The one purpose of the provision was to serve with notice of the proceeding all holding in privity with the mortgagor, whether their titles were recorded or otherwise. Such only could be interested in the issue raised. It would be matter of concern to them that no more should be recovered in the proceeding than was justly due and owing on the obligation, since it was their land that would be subjected to the lien of the debt. One holding by a superior title to that of the mortgagor

could well be indifferent to the result, for in no event could the amount recovered become an encumbrance upon his land. In this connection we repeat what we said in the Excelsior Saving Fund case, supra, "As the law stood before the passage of the act in question no prejudice could result to an owner with respect to his title, from a verdict for the plaintiff in such proceeding. No more can it now. The proceeding remains just what it was, a remedy for the collection of a debt; the judgment which follows is not and cannot be made a lien upon any land not owned by the mortgagor." There is every reason why those holding in privity with the mortgagor—real owners of the title that was in him—should be made parties defendant; but there can be no reason why others—real owners under a superior antagonistic title—should be even warned of the proceeding. We therefore hold that it is only the former who fall within the meaning of the act.

But here judgment has gone against the appellants, the real owners under a superior title, just as in the case of the Excelsior Saving Fund v. Cochran, supra. Is there no relief? Certainly none that we can give on the record as here presented. The only error assigned is the exclusion of the offer made on the trial to show superior title in the appellants. Keeping in mind the only issue before the court, the amount due and owing from the mortgagor to the mortgagee, not only was the offer irrelevant, but the appellant had no standing to contest the latter's claim in this particular. Appellants had made themselves parties by pleading to the issue. The result of which they complain might readily have been avoided had they objected to the jury being sworn as to them, Miltenberger v. Schlegel, 7 Pa. 241; or, had they asserted the misjoinder as was done in Jarrett v. Tomlinson, 3 W. & S. 114, and asked that the jury be discharged as to them. On the contrary they did not assert misjoinder, made no effort to have the proceedings arrested as to themselves, but allowed their case to be

submitted to the jury without exception. If there be now any relief to the appellants from the judgment—which fortunately makes neither their lands nor themselves liable as we have seen—the way is not open to accomplish it through the one single assignment of error that is brought to our attention.

The judgment is affirmed.