J-S22035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THEODORE F. REYNOLDS, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLADYS E. HURLBUTT | : | |
| | : | |
| Appellant | : | No. 1979 MDA 2018 |

Appeal from the Order Entered November 13, 2018
In the Court of Common Pleas of Snyder County Civil Division at No(s):
CV-0206-2018

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:          **FILED: MAY 2, 2019**

Gladys E. Hurlbutt (Hurlbutt) appeals from the order of the Court of Common Pleas of Snyder County (trial court) dismissing her petition to strike default judgment.  We affirm.

On May 17, 2018, Theodore Reynolds, Jr. (Reynolds) filed a complaint against Hurlbutt setting forth causes of action for unjust enrichment and conversion.  Apparently, the Complaint cover sheet had a Notice to Defend as required by Pa.R.C.P. 1018.1 that notifies that defendant that he or she is required to file a responsive pleading within twenty days and warning that a default judgment may be entered for failure to do so.  When Hurlbutt failed to file a responsive pleading within twenty days, pursuant to Pa.R.C.P. 237.5, on June 19, 2018, Reynolds sent Hurlbutt a notice of intent to seek default judgment within ten days of the notice.  On July 2, 2018, Reynolds filed a

_____

* Retired Senior Judge assigned to the Superior Court.

praecipe for entry of judgment that the trial court entered that same day. However, later that same day, an attorney entered his appearance on behalf of Hurlbutt and filed preliminary objections. The Prothonotary's Office then mailed Hurlbutt the notice of judgment but not to her attorney because when the default judgment was entered prior that day, her attorney had not yet entered his appearance.[1]

Hurlbutt's attorney was not informed of the July 2, 2018 default judgment until September 20, 2018. The next day, 81 days after default judgment was entered, Hurlbutt's attorney filed a "Praecipe to Strike Default Judgment" (Petition) that, based on its averments, sought to open judgment.[2] Hurlbutt's Petition averred that her delay in filing was excusable because Reynold's attorney knew that her attorney had entered his appearance but failed to inform him that a default judgment had been filed. If Hurlbutt's attorney had been so informed, the Petition averred, he would have filed a petition to open within ten days and the default judgment would have been

---

[1] Pa.R.C.P. 236 requires that the Prothonotary immediately give written notice of the entry of a judgment entered by confession to the defendant by ordinary mail, together with a copy of all documents filed with the Prothonotary in support of the confession of judgment.

[2] We note that "[a] petition to strike default judgment and a petition to open a default judgment are two distinct remedies, which are generally not interchangeable." **Williams v. Wade**, 704 A.2d 132, 134 (Pa. Super. 1997) (quotation omitted). However, because both parties and the trial court analyzed the petition presented under the standards for opening judgment, we do the same.

automatically opened. At the hearing on the Petition, the trial court heard only arguments concerning the allegations contained in the Petition as well as its procedural defects. No testimony was offered regarding when Hurlbutt became aware of the default judgment or any excuse that she had for not acting on the default judgment.

The trial court denied Hurlbutt's Petition because, among other reasons,[3] Hurlbutt failed to articulate a reasonable excuse for the late filing of her Petition. This appeal followed.[4]

Opening of a default judgment is governed by Pa.R.C.P. 237.3.[5] When a party files a petition to open default judgment within ten days of judgment,

_____

[3] The trial court also dismissed the Petition because it was not verified and the responsive pleading that Hurlbutt filed was not attached to the pleading as required by Pa. R.C.P. 237.3(a). Because of the way we resolve this matter, we need not address those additional reasons that the trial court proffered for denying the Petition.

[4] An order denying a petition to strike or open a judgment is an interlocutory order appealable as of right. **See** Pa.R.A.P. 311(a)(1). "A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." **Smith v. Morrell Beer Distributors, Inc.**, 29 Ad 23, 25 (Pa. Super. 2011).

[5] Rule 237.3 provides:

> (a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.

then a trial court must open judgment. *See* Pa.R.C.P. 237.3(b)(1); *Attix v. Lehman*, 925 A.864, 867 (Pa. Super. 2007). But when the party does not file the petition within ten days, then the party must meet the common law standards for opening a default judgment set out in the three-prong test outlined by our Supreme Court in *Schultz v. Erie Ins. Exchange*, 477 A.2d 471 (Pa. 1984). *See* Pa.R.C.P. 237.3, 1994 Explanatory Comment, at Illustration 5.

Those standards allow a court to open a default judgment when the moving party establishes (1) a prompt filing of a petition to open the default judgment, (2) a meritorious defense, and (3) a reasonable excuse or explanation for the failure to file a responsive pleading. *See U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1028 (Pa. Super. 2017) (quotation omitted). If the petition fails to satisfy any prong of the test, then the petition will be denied. *Id*.

"The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timeliness. Instead, the court must consider the

---

(b)(1) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

Pa.R.C.P. 237.3(a)-(b)(1).

- 4 -

length of time between discovery of the entry of the default judgment and the reason for delay." ***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 178 (Pa. Super. 2009).

On appeal, Hurlbutt contends that her petition to open was timely because her attorney was not informed of the default judgment until September 20, 2018, and when he did learn of it, her counsel filed the petition to open judgment the next day. However, while that explains why her attorney filed the petition to open when he did, it does not offer a reasonable explanation excusing the 81-day delay in filing the Petition.

There is no dispute that Hurlburt received notice that default judgment had been entered on July 2, 2018. It was not until 81 days after the entry of judgment that the Petition was filed. No excuse whatsoever was offered for the 81-day delay in informing her attorney that she had received the notice of the entry of the default judgment.

There being no excusable reason for the delay in filing, we find that Hurlbutt failed to satisfy the timeliness prong. Since failure to establish any one requirement for opening default judgment is enough to dismiss a petition to open judgment, we need not address the other two prongs. Accordingly, the trial court did not abuse its discretion in dismissing Hurlbutt's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2019