J. A17041/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES SERIES 2006-SD2 | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| GREGORY WASHINGTON AND EUGENE MATTIONI AND MARIE J. KILLIAN MATTIONI | : : : : | |
| v. | : : : | |
| GREGORY WASHINGTON AND WICK SAVAGE AND THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES SERIES 2006-SD2 | : : : : : : : : : : | |
| | : | No. 3064 EDA 2018 |
| APPEAL OF: EUGENE MATTIONI & MARIE J. KILLIAN MATTIONI | : : | |

Appeal from the Order Dated September 18, 2018,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. September Term, 2016 No. 00219

BEFORE: PANELLA, P.J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED NOVEMBER 08, 2019**

Eugene Mattioni and Marie J. Killian Mattioni ("appellants")[1] appeal the September 18, 2018 order[2] entered in the Court of Common Pleas of Philadelphia County sustaining the preliminary objections and dismissing with prejudice appellants' second amended third-party complaint. The preliminary objections were filed by The Bank of New York Mellon FKA The Bank of New York, as Trustee for the benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates Series 2006-SD2 ("BNY Mellon") and by Gregory Washington ("the Record Title Owner") and Wick Savage ("Savage"), jointly. We affirm.

The trial court set forth the factual and procedural history as follows:

> On September 6, 2016, [BNY Mellon] filed a mortgage foreclosure complaint against [the Record Title Owner] regarding a mortgage that [BNY Mellon] holds on 4115-19 Gypsy Lane, Philadelphia, Pennsylvania 19129-5529 (the "Property"). On June 29, 2017, a default judgment was entered against the Record Title Owner for failing to file a timely answer to [BNY Mellon's] complaint.
>
> On April 16, 2018, in the mortgage foreclosure action, [appellants][Footnote 1] filed a Petition to Intervene and a Motion to Stay Any Short Sale between [BNY Mellon] and the Record Title Owner. [Appellants] also filed — in the same mortgage foreclosure action — a Third Party Complaint against [BNY Mellon], the Record Title Owner, and [Savage] for claims of negligence and breach of contract arising

---

[1] We note that both appellants are attorneys and represent themselves in this matter.

[2] We note that the order was executed on September 17, 2018, but not entered on the docket until September 18, 2018. The caption has been updated to reflect the date the order was docketed.

from alleged nuisance activity on the Property, which activity was completely unrelated to the defaulted mortgage. Finally, [appellants] filed a *lis pendens* on the Property.[Footnote 2]

> [Footnote 1] [Appellants] own and reside at 4111 Gypsy Lane and also own 4109 Gypsy Lane, which are located immediately adjacent to the Property.

> [Footnote 2] On May 16, 2018, the Record Title Owner filed a Motion to Strike the *lis pendens* on the Property, which the trial court granted. [Appellants] filed an appeal of that Order that is pending under [Superior Court D]ocket [N]umber 2100 EDA 2018.

> On July 18, 2018, [appellants] filed a Second Amended Third Party Complaint ("Third Party Complaint"). On August 7, 2018, [the] Record Title Owner and Savage filed Preliminary Objections to [appellants'] Third Party Complaint. On August 23, 2018, [BNY Mellon] also filed Preliminary Objections to [appellants'] Third Party Complaint. [Appellants] filed answers in opposition to each set of preliminary objections.

> On September 1[8],[3] 2018, [the] trial court sustained both sets of preliminary objections and dismissed [appellants'] Third Party Complaint with prejudice. On October 8, 2018, [appellants] filed this timely [a]ppeal.

Trial court opinion, 12/10/18 at 1-2. The trial court did not order appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, the trial court filed a Rule 1925(a) opinion.

---

[3] The prothonotary gave written notice of the entry of the order, pursuant to Pa.R.Civ.P. 236, on September 19, 2018. As previously noted, the order was entered on the docket on September 18, 2018.

Appellants raise the following issues for our review:

>   I.  Was the Order permitting [i]ntervention by [appellants], whose property is burdened with a private easement, proper?  Should [appellants] have been given notice of the [f]oreclosure [c]omplaint and included as a necessary and indispensable [p]arty and given the opportunity to file an answer and counterclaim?  Under the facts of this case[,] [appellants'] [c]omplaint in whole or in substantial part is proper.
>
>   II.  Whether [appellants] have [s]tanding to [i]ntervene [i]n the [m]ortgage [f]oreclosure [a]ction?

Appellants' brief at 3-4.

Preliminarily, we feel compelled to address appellants' failure to adhere to the Pennsylvania Rules of Appellate Procedure governing the requirements for appellants' brief.  **See** Pa.R.A.P. 2111-2119.  Among its other failures,[4] the brief does not adhere to Rule 2116:  "[t]he statement of the questions involved must state **concisely** the issues to be resolved, expressed in the terms and **circumstances of the case** but **without unnecessary detail**."  **See** Pa.R.A.P. 2116 (emphasis added).

---

[4] We note that appellants raise two issues for review, but their brief is sub-divided into three argument sections.  **See** Pa.R.A.P. 2119 (stating, "[t]he argument shall be divided into as many parts as there are questions to be argued.").  Upon further examination, we note that the first two sections of appellants' argument are verbatim the argument presented in appellants' brief filed in the appeal, at Docket No. 2100 EDA 2018, of the Order granting the motion to strike appellants' **lis pendens**.  Argument pertaining to another case, which is not on-point, has no place in the argument of the instant case.

Here, appellants' first issue presents two questions to be resolved, as well as a declaratory statement that appellants' third-party complaint is proper, an answer in the affirmative, which presumably applies to each of the two questions, an instructional reminder on the subject of easements, and a list of claims appellants raise in their third-party complaint and incorporate into their brief. (Appellants' brief at 3.) This statement of the questions involved is far from concise and free of unnecessary detail. However, we are able to discern appellants' issue from a review of the portion of appellants' brief pertinent to the instant case. *See Kern v. Kern*, 892 A.2d 1, 6 (Pa.Super. 2005) (holding, "as a practical matter, this Court quashes appeals for failure to conform to the Rules of Appellate Procedure only where the failure to conform to the Rules results in the inability of this Court to discern the issues argued on appeal.").

Appellants challenge the trial court's sustaining of the preliminary objections and dismissal of appellants' third-party complaint with prejudice. Appellants argue that the petition to intervene was properly granted and because they had standing to intervene in the mortgage foreclosure action, they had the capacity to sue. (*See* appellants' brief at 18-21.)

Our standard of review of an order granting preliminary objections is well settled: "[i]n reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. Moreover, we review the trial court's decision for an abuse of discretion or an error of

law." ***Caltagirone v. Cephalon, Inc.***, 190 A.3d 596, 599 (Pa.Super. 2018) (citations omitted), ***appeal denied***, 195 A.3d 854 (Pa. 2018).

Preliminary objections may be filed because a party lacks the capacity to sue. ***See*** Pa.R.Civ.P. 2018(a)(5). The "capacity to sue refers to the legal ability of a person to come into court." ***In re Estate of Sauers***, 32 A.3d 1241, 1248 (Pa. 2011).

A trial court has discretion to grant intervention in a matter and that decision will not be disturbed absent a manifest abuse of discretion. ***See U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1024 (Pa.Super. 2017) (citation omitted), ***appeal denied***, 170 A.3d 973 (Pa. 2017).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

***Paden v. Baker Concrete Constr., Inc.***, 658 A.2d 341, 343 (Pa.Super. 1995), citing ***Mielcuszny v. Rosol***, 176 A. 236, 237 (Pa. 1934).

This court has held:

> To petition the court to intervene after a matter has been finally resolved is not allowed by our Rules of Civil Procedure. It is only during the pendency of an action that the [trial] court may allow intervention. Pa.R.C[iv].P. 2327. An action is "pending", according to Black's Law Dictionary (5th Ed.), when it is:
>
>> begun, but not yet completed; during; before the conclusion of; prior to the

> completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is "pending" from its inception until the rendition of final judgment.

**Watters**, 163 A.3d at 1027, citing **Fin. Freedom, SFC v. Cooper**, 21 A.3d 1229 (Pa.Super. 2011). A petition to intervene in a mortgage foreclosure action must be filed **prior to** the entry of the default judgment in order to be filed during the pendency of the action. **See Fin. Freedom**, 21 A.3d at 1231 (emphasis added).

Here, the record reveals that the default judgment in the mortgage foreclosure action was entered against the Record Title Owner on June 29, 2017. Appellants did not file their petition to intervene until April 16, 2018, more than nine months after the entry of the default judgment. Appellants filed their petition to intervene during the stay of the sheriff's sale on the Property and well after the disposition of the mortgage foreclosure action. Therefore, the petition to intervene was not filed during the pendency of the mortgage foreclosure action and was improperly granted.[5] Consequently,

---

[5] We note that the trial court, in reaching its decision to sustain the preliminary objections, acknowledged it was an error of law to have permitted appellants' intervention in the mortgage foreclosure action when a final judgment had already been entered. (**See** trial court opinion, 12/10/10 at 5 n.3.)

J. A17041/19

appellants lacked the capacity to file their third-party complaint because their intervention in the mortgage foreclosure action was not proper.[6]

We discern no error of law or abuse of discretion in the trial court's granting of the preliminary objections and dismissing appellants' second amended third-party complaint with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/19

---

[6] We note that the trial court also sustained the preliminary objections and dismissed appellants' second amended third-party complaint with prejudice because appellants improperly joined the **in personam** causes of action of, **inter alia**, negligence and breach of contract, with an **in rem** mortgage foreclosure action. (Trial court opinion, 12/10/18 at 3-4.) We discern no error of law or abuse of discretion in the trial court's sustaining of the preliminary objections for this reason. **See** Pa.R.Civ.P. 1146 (stating, "plaintiff may state in the complaint two or more grounds for foreclosure but may not state more than one cause of action"); **see also Insilco Corp. v. Rayburn**, 543 A.2d 120, 123 (Pa.Super. 1988) (holding, "[a]n action in mortgage foreclosure is strictly an **in rem** action and may not include an **in personam** action to enforce personal liability." (citing, Pa.R.Civ.P. 1141)).