J-S13012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JUNIUS P. LEISURE, II | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PRIMECARE, INC. | |
| Appellee | No. 1532 MDA 2021 |

Appeal from the Order Entered November 12, 2021
In the Court of Common Pleas of Lancaster County
Civil Division at No.: CI-18-02822

BEFORE:  STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED:  JULY 26, 2022**

Appellant Junius P. Leisure *pro se* appeals from the November 12, 2021 order of the Court of Common Pleas of Lancaster County ("trial court"), which denied his petition to strike or open judgment entered in favor of Appellee Primecare, Inc.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  On March 18, 2020, Appellant filed a self-styled "Professional Liability Complaint" against Appellee and unidentified nurses in the Commonwealth Court of Pennsylvania.  Appellant alleged that Appellee was a private healthcare provider that contracted to render medical services to inmates at Lancaster Prison.  While incarcerated at Lancaster County Prison between

_____

[*] Former Justice specially assigned to the Superior Court.

January 1, 2016 and July 14, 2016, Appellant alleged that he received medical care that deviated from acceptable professional standards. Specifically, he alleged that, he suffered from a condition that caused excessive and painful earwax buildup, and that, as a result, he requested an earwax cleaning procedure. Appellant further alleged that he was seen by medical staff at the prison. According to Appellant, the medical staff agreed with him that his ears needed to be cleaned. Appellant alleged that there were two nurses present and that one of them had never performed the earwax cleaning procedure before that day. He further alleged that the nurses had skipped the earwax loosening part of the procedure. Appellant claimed that one of the nurses used a syringe to insert "scalding hot water" into his ear. Appellant thus alleged that the nurses performed the cleaning improperly and negligently. Consequently, he alleged that he suffered significant hearing loss in his right ear. Based on these allegations, Appellant sought monetary damages.

On March 29, 2018, the Commonwealth Court issued an order transferring this action to the trial court. On April 20, 2018, the transferred complaint was entered on the above-listed trial docket. Neither the Commonwealth Court nor the trial court docket indicate whether Appellant effectuated service of the complaint upon Appellee.[1]

---

[1] Given the disposition herein, we need not address this issue.

On September 14, 2020, Appellant filed an amended complaint against Appellee sounding in negligence. The amended complaint raised substantially the same allegations as the initial complaint.[2] In fact, Appellant's amended complaint contained even more specific allegations regarding the medical care he received that allegedly deviated from the acceptable professional standards.

> The audiologist had told me there existed a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or procedure (**which is the subject of my complaint**) fell outside acceptable professional standards, and that such conduct was a cause in the bringing about the harm to the ear.

Amended Complaint, 9/14/20, at 5-6 (emphasis added).

On March 5, 2021, Appellee filed a notice of intent to enter judgment of *non pros* for failure to file a certificate of merit. Appellee stated that, pursuant to Pa.R.Civ.P. 1042.7, it intended to enter a judgment of *non pros* against Appellant "after thirty (30) days of this notice if a certificate of merit is not filed as required by Pa.R.Civ.P. 1042.3."[3] Notice of Intent, 3/5/21.

_____

[2] Indeed, the amended complaint was a change in namely only from the original complaint titled "Professional Liability Complaint."

[3] As our Supreme Court has described, Rule 1042.3 "is one in a series of rules that govern procedure in a civil action in which a professional liability claim is asserted against a licensed professional." ***Womer v. Hiliker***, 908 A.2d 269, 275 (Pa. 2006) (citation omitted). In short, "[t]he procedure we provided in the professional liability action rules centers on the filing of a [certificate of merit]. [T]he presence in the record of a [certificate of merit] signals to the parties and the trial court that the plaintiff is willing to attest to the basis of his malpractice claim; that he is in a position to support the

*(Footnote Continued Next Page)*

On April 7, 2021, Appellee filed a praecipe for entry of judgment of *non pros* for failure to file a certificate of merit pursuant to Rule 1042.7 and the prothonotary entered judgment of *non pros* against Appellant.

On April 19, 2021, Appellant moved to dismiss Appellee's praecipe for entry of judgment of *non pros*, which the trial court properly construed as a motion to strike or open judgment. Appellant claimed that his amended complaint did not necessitate the filing of a certificate of merit. On November 12, 2021, the trial court, *inter alia*, denied the motion and affirmed the entry of judgment of *non pros*. In so doing, the court observed:

> [Appellant's] amended complain alleges he went to the Lancaster County Prison medical department where he was seen by two nurses for medical treatment to remove a buildup of earwax. [Appellant] alleges the procedure was incorrectly performed, resulting in inner ear scabbing and hearing loss. [Appellant's] amended complaint sounds in medical negligence because it alleges that a licensed professional provided medical treatment that fell below accepted standards of medical practice, resulting in his injury. Because his amended complaint is one for professional liability, and because [Appellant] failed to file a certificate of merit within 60 days of filing the amended complaint, a judgment of *non pros* is appropriate.

*(Footnote Continued)* ————————————————

allegations he has made in his professional liability action; and that resources will not be wasted if additional pleading and discovery take place." ***Id.*** (citations and footnote omitted). We discuss Rule 1042.3 further ***infra***.

Trial Court Order, 11/12/21 at 1 n.1 (record and legal citations omitted).

Appellant *pro se* timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal,[4] Appellant *pro se* presents a single issue for our review, which we reproduce verbatim below.

> I.    Whether or not [Appellant's] amended complaint for simple negligence which was filed to replace the previous complaint of professional liability should be the controlling complaint in this matter.

Appellant's Brief at 2 (unnecessary capitalizations omitted). In essence, he contends that his amended complaint did not require a certificate of merit under Rule 1042.3.[5] Appellant points out that he raised a simple negligence claim and not one sounding in professional liability. We disagree.

"In order to determine what theory of liability [the appellant] is asserting, this Court must examine the averments she makes in her complaint. Such a review raises a question of law as to which our standard of review is *de novo* and our scope of review is plenary." ***Ditch v.***

---

[4] An appeal from the denial of a petition to strike a default judgment "presents us with a question of law; consequently, our standard of review is *de novo* and our scope of review is plenary." ***U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1028 n.9 (Pa. Super. 2017).

[5] We observe that Appellant does not challenge the contents of Appellee's notice of intent filed pursuant to Rule 1042.6. He merely argues that, because he raised a tort claim, he was not required to file a certificate of merit.

***Waynesboro Hosp.***, 917 A.2d 317, 321 (Pa. Super. 2007) (citations and

internal quotation marks omitted). As this Court has explained:

> Medical malpractice is defined as the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services. To prevail in a medical malpractice action, a plaintiff must establish a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of the harm. Thus, the basic elements of medical malpractice and ordinary negligence are the same, although medical malpractice has some distinguishing characteristics.
>
> [T]he distinction between ordinary negligence and medical malpractice [is] as follows. A medical malpractice claim is distinguished by two defining characteristics. First, medical malpractice can occur only within the course of a professional relationship. Second, claims of medical malpractice necessarily raise questions involving medical judgment. Claims of ordinary negligence, by contrast, raise issues that are within the common knowledge and experience of the [fact-finder]. Therefore, a court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. If both these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions.
>
> Therefore, where a complaint is predicated upon facts constituting medical treatment, that is, when it involves diagnosis, care and treatment by licensed professionals, the action must be characterized as a professional negligence action. Our Court has further found that the hiring, training, supervising, and monitoring of employees who assist with the care and treatment of a health care professional's patients is considered an integral part of providing professional services.

***Ditch***, 917 A.2d at 321-22 (citations, quotation marks and brackets omitted).

Instantly, Appellant's amended complaint raised a cause of action for negligence, which was premised upon an alleged failure by the nursing staff at the Lancaster County Jail to properly remove a buildup of earwax. Appellant alleged that he was examined by a nurse who agreed that an earwax buildup was causing him to suffer hearing problems. Thereafter, Appellant alleged that two unidentified nurses gathered the necessary tools and equipment for the cleaning procedure. Appellant, however, claimed that the nurses did not perform the procedure properly when water that was too hot was used to irrigate his ear. Thus, the plain allegations contained in the amended complaint reveal that Appellant had a medical condition—earwax buildup—which required a medical procedure to treat, but that the licensed professionals who performed the procedure did not meet the applicable standard of care. Accordingly, the trial court did not abuse its discretion in construing Appellant's amended complaint as raising a professional liability claim.

Rule 1042.3 of the Pennsylvania Rules of Civil Procedure, relating to certificates of merit, provides:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or **within sixty days after the filing of the complaint**, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

(b) (1) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

(2) If a complaint raises claims under both subdivisions (a)(1) and (a)(2) against the same defendant, the attorney for the plaintiff, or the plaintiff if not represented, shall file

(i) a separate certificate of merit as to each claim raised, or

(ii) a single certificate of merit stating that claims are raised under both subdivisions (a)(1) and (a)(2).

(c)(1) A defendant who files a counterclaim asserting a claim for professional liability shall file a certificate of merit as required by this rule.

(2) A defendant or an additional defendant who has joined a licensed professional as an additional defendant or asserted a cross-claim against a licensed professional need not file a certificate of merit unless the joinder or cross-claim is based on acts of negligence that are unrelated to the acts of negligence that are the basis for the claim against the joining or cross-claiming party.

(d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention

to enter judgment of *non pros* on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

(e) If a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall, in addition to the other requirements of this rule, attach to the certificate of merit the written statement from an appropriate licensed professional as required by subdivisions (a)(1) and (2). If the written statement is not attached to the certificate of merit, a defendant seeking to enter a judgment of *non pros* shall file a written notice of intent to enter a judgment of *non pros* for failure to file a written statement under Rule 1042.11.

Pa.R.Civ.P. 1042.3 (emphasis added). Rule 1042.6 provides in pertinent part:

(a) Except as provided by subdivision (b), a defendant seeking to enter a judgment of *non pros* under Rule 1042.7(a) shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, no sooner than the thirty-first day after the filing of the complaint.

(b) A judgment of *non pros* may be entered as provided by Rule 1042.7(a) without notice if

(1) the court has granted a motion to extend the time to file the certificate and the plaintiff has failed to file it within the extended time, or

(2) the court has denied the motion to extend the time.

(c) Upon the filing of a notice under subdivision (a) of this rule, a plaintiff may file a motion seeking a determination by the court as to the necessity of filing a certificate of merit. The filing of the motion tolls the time period within which a certificate of merit must be filed until the court rules upon the motion. If it is determined that a certificate of merit is required, the plaintiff must file the certificate within twenty days of entry of the court

order on the docket or the original time period, whichever is later.

Pa.R.Civ.P. 1042.6(a)-(c). Finally, Rule 1042.7 provides in relevant part:

(a) The prothonotary, on praecipe of the defendant, shall enter a judgment of *non pros* against the plaintiff for failure to file a certificate of merit within the required time provided that

(1) there is no pending motion for determination that the filing of a certificate is not required or no pending timely filed motion seeking to extend the time to file the certificate,

(2) no certificate of merit has been filed.

Pa.R.Civ.P. 1042.7(a).

Here, as discussed earlier, Appellant's negligence claim—raised in the amended complaint—was a claim for professional liability. As a result, he was required to file a certificate of merit. Moreover, despite Appellee's filing of a notice of intent to seek a judgment of *non pros*, Appellant failed to file the required certificate of merit under Rule 1042.3.[6] Thus, we cannot conclude that the trial court abused its discretion in denying Appellant's petition to strike or open the judgment of *non pros*.

Order affirmed.

_____

[6] Tellingly, the only excuse Appellant advances for his failure to file a certificate of merit is that his amended complaint did not raise a professional liability claim.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/26/2022