J-A11031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| METRO ELEVATOR CO. INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| 1427 GERMANTOWN LLC | : | |
| | : | |
| Appellant | : | No. 1117 EDA 2021 |

Appeal from the Order Entered May 6, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  M0022 Aug. Term 2020

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 27, 2022**

1427 Germantown LLC ("LLC") appeals from the order denying its petition to open a default judgment in an action upon a mechanics' lien. It claims that the trial court erred in allegedly making credibility determinations and that this Court should open and/or strike the judgment. We affirm.

Metro Elevator Co. Inc. ("Metro"), an elevator subcontractor, was responsible, pursuant to a construction contract, for installing two elevators at the property at issue (the "Property"). LLC owns the Property. Metro allegedly did substantial work at the Property but was not fully paid by its general contractor, Greenpointe Construction, Inc. ("Greenpointe"), and a balance of $52,560 allegedly remained unpaid. On August 20, 2020, Metro filed a mechanics' lien claim against the Property and LLC.

On August 27, 2020, Metro first attempted to make service of the lien at LLC's registered business address. The affidavit of attempted service

indicated that the process server could not effectuate service because the security guard told him that due to the COVID-19 pandemic, he was not permitted access to the building. The next day, Metro posted a notice of the lien claim at the Property.

On September 10, 2020, Metro filed a complaint to enforce its mechanics' lien claim. Approximately three weeks later, on October 9, 2020, Metro served the complaint on LLC by personally serving its property manager, Frank Sanders. LLC did not respond to the complaint. A month afterward, on November 9, 2020, Metro sent LLC a 10-day notice of intent to enter a default judgment. Thereafter, on November 20, 2020, a default judgment was entered against LLC.

Slightly less than a month later, on December 18, 2020, LLC filed a petition to open judgment, claiming that it did not receive actual notice of the complaint. LLC included with its petition an affidavit from its principal, Gagan Lakhmna, stating that he first learned of this litigation on December 15, 2020, when he applied for a loan unrelated to this case. Lakhmna stated that the lender conducted a routine search to determine if there were any liens against LLC and found the instant lien. Lakhmna said that the lender then emailed him about it. LLC claimed that once it became aware of this litigation on December 15, 2020, it filed its petition to open three days later, on December 18, 2020. LLC also contended that it had meritorious defenses to the complaint, namely that Metro did not timely install the elevators causing a delay on the project, and service of the lien by posting on the Property was not effective because

Metro had not shown that it was not possible to effectuate personal service of the lien.

LLC provided an affidavit from the property manager, Sanders, as part of a supplemental memorandum in support of its petition, filed on December 29, 2020. Sanders stated that he was authorized to accept service for LLC. LLC argued that the lien claim was improperly posted at the Property because Metro should have first served the claim personally at the Property since Sanders was there to accept service.

Metro countered that Sanders was, in fact, personally served with the complaint on October 9, 2020. Metro also argued that LLC failed to explain why it did not respond to the 10-day notice of intent to enter a default judgment or the default judgment, despite both being mailed to LLC's registered business address.

LLC responded in a reply brief that Sanders failed to deliver a copy of the complaint to its principal, Lakhmna. It provided an affidavit from Sanders stating that he was responsible for accepting service of process for LLC and that he would typically notify Lakhmna of any service by text message. Sanders said that he reviewed his texts for any text that he sent to Lakhmna providing notice of this complaint and could find none. His affidavit further stated that he could not remember what happened with service of this complaint, nor could he remember whether he sent the complaint to Lakhmna.

The trial court denied LLC's petition to open judgment. LLC filed a motion for reconsideration. The court did not rule on the motion for reconsideration

within the 30 days available to do so. On June 3, 2021, LLC filed the instant appeal. The court did not require LLC to file a Pa.R.A.P. 1925(b) statement. On November 29, 2021, the court issued its opinion pursuant to Pa.R.A.P. 1925(a).

In its Pa.R.A.P. 1925(a) opinion, the court found that the petition to open was not prompt and LLC made no reasonable excuses for failing to file a responsive pleading and had not proffered any meritorious defenses. Trial Court Opinion, 11/29/21, at 5. The court noted that five weeks before LLC filed its petition to open, the general contractor on the project, Greenpointe, filed a separate complaint against its subcontractor, Metro, alleging breach of contract. *Id.* at 3. The contract between Greenpointe and Metro identified LLC as an additional insured for property damage liability. *Id.* The court stated that LLC "refers to the Greenpointe complaint in the other case as a defense. We suppose [LLC] is suggesting that it perceived no need to defend itself in the mechanic's lien case here because Greenepointe [sic] was protecting [LLC's] interests through the other lawsuit." *Id.* at 3 n.7.

The court concluded that LLC had failed to offer a reasonable excuse for failing to file a responsive pleading. It opined that LLC's allegation that its principal, Lakhmna, only became aware of the default judgment on December 15, 2020, through a lender who wanted to know about the status of this litigation "appears to be misleading in light of the inclusion of [LLC] as an additional insured in the Construction Agreement between the LLC's general contractor and its subcontractor." *Id.* at 4. The court also found incredible

- 4 -

LLC's claim that Sanders failed to deliver a copy of the complaint to LLC's top management because they "were surely aware of problems involving payment (and workmanship) for its elevators by then." *Id.*

LLC raises the following issues for our review:

1. The trial court denied [LLC's] petition to open a default judgment on the sole basis that its affidavits were not credible. Did the trial court err by deciding these credibility matters without taking evidence?

2. The trial court rejected as incredible [LLC's] allegations that an employee failed to transmit process because: (a) we were an additional insured on a relevant insurance policy; and (b) we were aware of the substantive dispute between the parties prior to service of the Complaint. Was that decision error?

3. A contractor attempted to effect personal service of a mechanic's lien claim only once without attempting to personally serve the claim at the business premises subject to the claim. The contractor then posted the premises. Should this Court strike the lien for defective service?

LLC's Br. at 5.

We review an order ruling on a petition to open a default judgment for "manifest abuse of discretion or error of law." *Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa.Super. 2011) (citation omitted). A default judgment may be opened when the moving party has: "(1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175-76 (Pa.Super. 2009). The failure

to satisfy any one prong of this test will result in denial of the petition to open. ***U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1028 (Pa.Super. 2017).

LLC first argues that the court's decision in denying its petition to open was procedurally defective because the court made credibility determinations on disputed issues of fact without taking evidence. LLC's Br. at 16. According to LLC, the court erred when it found that LLC's failure to answer the complaint could not be excused because it did not believe the averments made by Lakhmna and Sanders in their respective affidavits. ***Id.*** at 18. LLC contends that the affidavits explained that Sanders failed to alert Lakhmna about this litigation after service of the complaint. ***Id.*** LLC argues that this was a sufficient excuse for not responding to the complaint. ***Id.*** LLC further contends that the court should have issued a rule to show cause and held an evidentiary hearing on the petition to open, pursuant to Philadelphia County Local Rule of Civil Procedure *206.4(c). ***Id.*** at 20-22.

The Pennsylvania Rules of Civil Procedure governing practice for petitions to open do not require the trial court to hold an evidentiary hearing. Rather, under Pennsylvania Rule of Civil Procedure 206.4, a trial court has discretion to issue a rule to show cause "unless the court by local rule adopts the procedure of Rule 206.6 providing for issuance as of course." Pa.R.C.P. 206.4(a)(1). The Court of Common Pleas of Philadelphia County has promulgated Local Rule *206.4(c), which adopts the procedure set forth in Rule of Civil Procedure 206.6. Phila.Civ.R. *206.4(c). The Local Rule states

that "[u]pon the filing of a petition, a rule to show cause shall be issued as of course by the Motion Court clerk on behalf of the Court." *Id.* The Local Rule includes a form rule to show cause, which only directs that the respondent file an answer to the petition within 20 days and states that "[a] Hearing or Argument shall be scheduled at the discretion of the Assigned Judge[.] *Id.*

Here, the lower court's docket reflects that on the same day that LLC filed its petition, the trial court generated an automatic order for a "Response Date" to the petition. This order was in conformity with Local Rule *206.4(c) because it directed that a response be filed within 20 days of the filing of the petition. Metro then filed a response to the allegations in the petition by filing an answer within the required time. Therefore, LLC "effectively received the full benefit of the local petition practice." *See Capstone Capital Group, LLC v. Alexander Perry, Inc.*, 263 A.3d 1178, 1185 (Pa.Super. 2021). Moreover, the lower court had full discretion to allow or deny a hearing on the petition to open. *See* Phila.Civ.R. *206.4(c); *Dominic's Inc. v. Tony's Famous Tomato Pie Bar and Restaurant, Inc.*, 214 A.3d 259, 270-71 (Pa.Super. 2019) (holding that, upon consideration of a petition to strike and/or open a confessed judgment in Philadelphia County, the trial court was permitted under Local Rule *206.4(c) to use its own form order and had discretion to decline to hold a hearing).

The court thus properly followed local rules and exercised its discretion not to hold a hearing. Regardless of whether the court made improper credibility findings, we cannot say that its order was an abuse of discretion.

LLC does not challenge the trial court's conclusion in its Rule 1925(a) opinion that LLC did not move to open the default with reasonable promptness. Nor does it dispute that the 10-day notice of default was sent to its correct address, such that we find it difficult to fault the trial court's conclusion that LLC did not offer a reasonable excuse. Accordingly, LLC's first argument is without merit.

In its second issue, LLC argues that the court erred in finding LLC's reasons for delay not reasonable. It maintains that "the fact that [LLC] is an additional insured on [Metro's] insurance policy or that a dispute existed between them does not disprove [LLC's] claims about [Sanders'] failure to transmit process." LLC's Br. at 16.

We conclude that the trial court's finding that Metro effectuated valid original service of process is supported by the record, including the affidavit of service upon Sanders dated October 9, 2020, and LLC's excuses in failing to respond to the complaint were not reasonable. LLC does not deny that the complaint was personally served on Sanders. Further, Sanders does not explicitly state in his affidavits that he failed to transmit service of the complaint to Lakhmna. Moreover, although Lakhmna claims that he first learned of the lawsuit on December 15, 2020, because of an email from a lender, he failed to attach the email to his affidavit. *See Dominic's Inc.*, 214 A.3d at 270 (stating that the petitioning party in a default judgment bears the burden of producing sufficient evidence to substantiate its claims). To the

extent LLC asks this Court to reassess the trial court's resolution of issues of fact, we cannot and will not do so. Thus, LLC's second argument fails.

Lastly, LLC argues that since Metro attempted to effectuate personal service of the mechanic's lien claim only once without attempting to personally serve the claim at the business premises subject to the claim, the lien should be stricken for defective service. LLC's Br. at 6, 16, 29.

A petition to strike a judgment and a petition to open a judgment are subject to different standards and "are separate and distinct remedies [that are] not interchangeable." **U.S. Bank Nat'l Ass'n**, 163 A.3d at 1027. "A petition to open a judgment seeks to re-open a case following a default judgment in order to assert a meritorious defense; a motion to strike a judgment is the remedy sought by one who complains of fatal irregularities appearing on the face of the record." **Id.** at 1027-28 (citations and internal quotation marks omitted).

Here, LLC did not file a petition to strike; rather it only filed a petition to open. Accordingly, LLC's final claim asserting that the lien should be stricken is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2022